JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al.* | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:     (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Port Medical Wellness, Inc., DBA Guru Medical's ("Port Medical Wellness") Motion to Remand. (Dkt. No. 12.) Defendants International Longshore & Warehouse Union-Pacific Maritime Association ("ILWU-PMA") Welfare Plan and ILWU-PMA Welfare Plan Board of Trustees ("the Board") (collectively "the Plan") submitted their Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand on August 19, 2013 (Dkt. No. 13), and Plaintiff filed its Reply on August 26, 2013 (Dkt. No. 14). For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

### I. BACKGROUND

#### A. Facts

Plaintiff Port Medical Wellness is a California corporation that, at all relevant times, provided chiropractic care, medical services, physical therapy, and acupuncture almost exclusively to the Plan's participants. (Dkt. No. 1, Ex. A ("FAC") ¶ 3.)

Connecticut General Life Insurance Company ("Cigna") is a Connecticut corporation licensed to conduct business as an insurer in the state of California. (*Id.* ¶ 10.) Cigna conducts a substantial amount of business in California, and at all relevant times, provided third-party administrative services to the Plan, including claims processing. (*Id.* ¶¶ 10, 15.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al.* | | |

  The Plan is a self-funded employee health benefit plan within the meaning of Section 3(1) of ERISA[1] (Dkt. No. 13 at 1), established and maintained jointly by ILWU-PMA, and available exclusively to ILWU-PMA members. (FAC ¶ 11.) The Plan conducts business throughout the State of California, including Los Angeles County, and has its principle place of business in San Francisco, California. (*Id.*).

  At all relevant times, Plaintiff had a Participating Practitioner Agreement ("PPA") (Dkt. No. 12-2, Ex. A) with Chiropractic Health Plan of California ("CHPC"), which maintained the network of providers available to the Plan's members. (FAC ¶ 4.) The Plan, through Cigna, paid Plaintiff directly based on its participating provider relationship with CHCP. (*Id.* ¶¶ 4, 16.)

  The PPA states in pertinent part:

> Participating Practitioner [Port Medical] agrees to accept the lesser of the Participating Practitioner's actual and accurate billed charges or the Reimbursement Rate as payment in full for the Covered Services rendered to Members and not to seek additional payments or compensation from Members with the exception of co-insurance, co-payments and deductibles . . . The payment methodology agreed upon by CSI/CHPC and Participating Payor [Defendants] as payment in full for Covered Services, inclusive of co-payments and/or co-insurance, also commonly referred to as a "fee schedule". (Dkt. No. 12-2, Ex. A ¶¶ 4.09, 2.20.)

---

[1] "The terms 'employee welfare benefit plan' and 'welfare plan' mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions)." ERISA § 3(1); 29 U.S.C. § 1002(1).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al.* | | |

In 2009, after "several years" of consistently paying Plaintiff for providing covered treatment services to Plan members, Defendants allegedly began designating as "pending" a large number of Plaintiff's claims without explanation. (FAC ¶¶ 4-5.) In mid-2010, Defendants allegedly began pending all of Plaintiff's submitted claims, sending Explanation of Benefit ("EOB") forms denying all portions of the claims pending receipt of further documentation. (*Id*. ¶ 5.) Plaintiff claims it attempted to provide all necessary requested information, but that Defendants continued to delay and deny all of Plaintiff's claims and request further documentation. (*Id*.)

Around September 2010, Plaintiff claims it learned Defendants had begun sending all of Plaintiff's claims to Cigna's Special Investigations Unit for an audit of its billing practices. (*Id*. ¶ 6.) Plaintiff contends Defendants never informed Port Medical Wellness of any issue with its billing practices, or that Defendants did not intend to pay any claims until the investigation was complete. (*Id*.)

Plaintiff claims it accrued more than $1.6 million in unpaid claims from 2009 through September 2010, when it learned of Defendants' investigation. (*Id*.) Plaintiff avers that because more than 95% of its patients were Plan members, it was forced to cease operations and close its three locations due to Defendants' refusal to pay all submitted claims. (*Id*. ¶¶ 6, 8.)

Plaintiff states that in February and July of 2009, an ILWU-affiliated company opened two locations nearby under a similar name ("Port Medical") to which Plaintiff lost a significant number of its patients. (*Id*. at ¶ 7.) Plaintiff claims that Port Medical was started by the nephew of a high ranking trustee of the ILWU, and that Defendants' refusal to pay Plaintiff's submitted claims was part of a broader conspiracy to put Plaintiff out of business so that Port Medical could steal Plaintiff's Plan member patients. (*Id*. ¶ 28.)

    **B.**    **Procedural History**

On December 12, 2012, Plaintiff Port Medical Wellness filed a Complaint against Cigna, ILWU, and Does 1 through 10 in Los Angeles County Superior Court. (Dkt. No. 1, Ex. B.) On April 17, 2013, Plaintiff filed its First Amended Complaint ("FAC") against Cigna, the Plan, and Does 1 through 10 (collectively "Defendants") alleging five causes of action: (1) breach of implied-in-fact contract, (2) intentional misrepresentation,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | **Port Medical Wellness Inc. v. Connecticut General Life Insurance Co.** *et al.* | | |

(3) services rendered, (4) violation of Business & Professions Code §§ 17200 et seq., and (5) intentional interference with prospective economic relations. (Dkt. No. 1, Ex. A.)

On May 20, 2013, Defendants removed the action to this Court on the ground that the action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Dkt. No. 1 at 2.)

On August 12, 2013, following a conference of counsel pursuant to L.R. 7-3 that took place on June 21, 2013 (Dkt. No. 12 at 2), Plaintiff filed its Notice of Motion and Motion to Remand to California state court (*Id.*), claiming that Defendants failed to meet their burden to show by a preponderance of evidence that Plaintiff's claims are completely preempted by ERISA. (*Id.* at 4.)

## II. LEGAL STANDARD

### A. Removal

A defendant may remove a state action only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. §§ 1331, 1441(a). A federal question exists where a "right or immunity created by the Constitution or laws of the United States" is an essential element of the plaintiff's cause of action. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983).

Under the "well-pleaded complaint" rule, the plaintiff ordinarily is entitled to remain in state court if its complaint does not, on its face, affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Federal pre-emption is typically defense to a plaintiff's suit. *Id.* at 6. As such, it does not appear on the face of a well-pleaded complaint, and will not provide a basis for removal. *Id.* As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Id.*

An exception to the well-pleaded complaint rule developed in case law. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Where Congress completely preempts a particular area, any civil complaint raising that select group of claims will be treated as "necessarily federal in character." *Id.* at 63-64.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al*. | | |

### 1. Complete Preemption as an Exception

Complete preemption under ERISA § 502(a) is one such exception to the well-pleaded complaint rule. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Even where a complaint alleges only state law claims, if these claims are entirely encompassed by § 502(a), the complaint is converted from a state common law complaint into a federal claim for purposes of the well-pleaded complaint rule. *Id*.

Conflict preemption under ERISA § 514(a), however, does not confer federal question jurisdiction on a federal district court. *Id*. A provision of state law may "relate to" an ERISA benefit plan, and thus be preempted under § 514(a), but this is not sufficient grounds for removal to federal court. *Id*.

### B. Remand

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Id*. Where there is a doubt regarding the right to removal, "a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

### III. DISCUSSION

Plaintiff's well-pleaded state law complaint does not, on its face, provide a basis for federal question jurisdiction. (Dkt. No. 1, Ex. A). Defendants argue that Plaintiff's claims are completely preempted by ERISA § 502(a), which thereby confers federal subject matter jurisdiction, because they fall within the scope of ERISA's civil enforcement provision. (Dkt. No. 13 at 6.) The Court finds that Plaintiff's claims are not completely preempted by ERISA for the following reasons.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al*. | | |

### A. ERISA § 502(a)

Under ERISA § 502(a)(1)(B), a civil action may be brought by an ERISA plan participant or beneficiary seeking to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In *Aetna Health Inc. v. Davila*, the Supreme Court developed a two-prong test to determine whether a suit falls within the scope of ERISA 502(a)(1)(B). 542 U.S. 200, 210 (2004). (1) "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "there is no other independent legal duty that is implicated by a defendant's actions," the cause of action is completely pre-empted by ERISA § 502(a)(1)(B). *Id*.

### 1. Could Plaintiff have brought its claim under ERISA § 502(a)(1)(B)?

#### a. Standing under ERISA § 502(a)(1)(B)

Plaintiff is not a participant, beneficiary, or other principle entity of an ERISA plan.[2] Therefore, under the plain language of ERISA, Plaintiff does not have independent standing to seek recovery pursuant to § 502(a)(1)(B). However, Ninth Circuit law permits health care providers to sue derivatively under ERISA, asserting assigned claims on behalf of plan participants and beneficiaries. *Misic v. Bldg. Serv. Employees Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986).

Defendants contend that Plaintiff's right to receive reimbursement from the Plan depends upon the assignment of the right to benefits for payment for medical services from their patients, therefore Plaintiff's claims regarding the fee provisions in the PPA are actually assigned claims for benefits and within the scope of ERISA § 502(a)(1)(B).

---

[2] "'[P]articipant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002 (7). Beneficiary is defined as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id*. at (8).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al.* | | |

(Dkt. No. 13 at 7-9.) Defendants point to Judge Alito's concurrence in *Pascack Valley Hospital v. Local 464A UFCW Welfare Reimbursement Plan*, stating that even absent explicit assignment, assignment is implied where participants of a health care plan receive treatment from a provider who subsequently billed the plan pursuant to a provider agreement. 388 F.3d 393, 404-05 (3d Cir. 2004).[3]

Plaintiff argues that its claims depend on rights to be compensated according to the terms of the PPA (Dkt. No. 12-2, Ex. A), to which the beneficiaries are not parties, and thus could not explicitly or implicitly assert or assign any rights under. (Dkt. No. 12 at 7-8.) In *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, the Ninth Circuit held that, even though beneficiaries of ERISA plans had assigned their rights of reimbursement to the Providers, there was not complete preemption because the Providers were asserting state law claims arising out of separate agreements. 187 F.3d 1045, 1051 (9th Cir. 1999). The court found "no basis to conclude that the mere fact of assignment converts the Providers' claims into claims to recover benefits under the terms of an ERISA plan." *Id*. at 1051-52. "Providers are asserting contractual breaches . . . that their patient-assignors could not assert: the patients simply are not parties to the provider agreements between the Providers and Blue Cross." *Id.*; *accord Pascack* at 402-03; *see also Marin Gen. Hosp.*, 581 F.3d at 948 (finding that although patient had assigned any claim he had under ERISA to the hospital, the hospital was not suing based on that assignment but in its own right pursuant to an alleged oral contract and therefore the action was not preempted by § 502(a)(1)(B)).

Defendants have offered no proof that Plan patients validly assigned their benefits to Plaintiff. Indeed, the summary of the Plan provided by Defendants in their Opposition to Plaintiff's Motion to Remand indicates that assignments are not permitted by

---

[3] "While the summary judgment record does not contain any express assignments of the claims at issue, there is ample evidence to support a finding that the claims were assigned to the Hospital. What happened here is very common. Participants of a health care plan received treatment from a provider; the participants did not pay for those services but instead gave the provider the information needed to bill their plan; the provider then billed the plan pursuant to a contract obligating the plan to pay the provider on the assigned claims of participants; and the plan paid, albeit at a discounted rate. These facts are more than sufficient to prove that the claims were implicitly assigned to the provider." *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 404-05 (3d Cir. 2004) (Alito, J., concurring).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al*. | | |

Defendants' own terms.[4] As the party seeking removal, Defendants bear the burden of proving that the Plaintiff's claims are completely preempted by ERISA § 502(a)(1)(B). *Pascack*, 388 F.3d at 401. Accordingly, Defendants bear the burden of establishing valid assignment. *Id*.

Even if Defendants proved that Plan patients validly assigned their benefits rights to Plaintiff, the Court finds that those rights do not form the basis of Plaintiff's claims. *See Blue Cross* 187 F.3d at 1051. Plaintiff's claims, which arise from the terms of the provider agreement, cannot be asserted by patient-assignors because they were not a party to the PPA. Therefore, Plaintiff does not have derivative standing to bring its claims under ERISA § 502(a)(1)(B).

### b. Substantive claim under ERISA § 502(a)(1)(B)

Plaintiff not only asserts that it lacks derivative standing, but that it does not have a substantive claim it could bring under ERISA § 502(a)(1)(B). (Dkt. No. 12 at 9-10.) Defendants contend that Plaintiff's state law claims are in reality, claims for the right to receive reimbursement of benefits under the terms of the Plan (Dkt. No. 13 at 9-10), and that review of the administration of benefits requires judicial interpretation of the Plan terms only, therefore Plaintiff's claims are claims for benefits under the terms of ERISA benefit plans and within the scope of § 502(a)(1)(B). (Dkt. No. 1 ¶ 12.)

The Court disagrees. Coverage and eligibility are not in dispute. Plaintiff is not seeking to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff is not seeking relief that "duplicates, supplements or supplants" that provided by ERISA. *Davila*, 542 U.S. at 209. Plaintiff is seeking compensation for Covered Services rendered per the terms of the PPA. (Dkt. No. 12-2, Ex. A ¶¶ 4.09, 2.20.) Plaintiff does not argue over what services are "covered"

---

[4] "Under provisions of the ILWU-PMA Welfare Plan, Welfare Plan benefits *are not subject to assignment by participant, beneficiary or any other person except the Trustees, and any attempt to do so shall be void . . . Where benefits are paid directly to a doctor, hospital or other provider of care* (other than to a State Medicaid agency), such direct payments are provided at the discretion of the Trustees as a convenience to Plan participants and *do not imply an enforceable assignment of Welfare Plan benefits or the right to receive benefits*." (Emphasis added.) (Dkt. No. 13-1, Ex. A at 19.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al.* | | |

under the Plan. (Dkt. No. 12 at 9-10.) Plaintiff claims Defendants failed to pay for Covered Services they had already authorized. (FAC ¶ 48.) Plaintiff further alleges that, because Defendants paid for Covered Services directly to Plaintiff based on the PPA for several years (FAC ¶ 16), this history of conduct created an implied-in-fact contract whereby Plaintiff agreed to provide Covered Services to ILWU plan participants and Defendants agreed to pay Plaintiff for such services. (*Id.* ¶ 30.)

The resolution of this lawsuit requires interpretation of the PPA, not the Plan. *See Pascack*, 388 F.3d at 402 ("The Hospital's right to recovery, if it exists, depends entirely on the operation of third-party contracts executed by the Plan that are independent of the Plan itself."). The Court must also scrutinize Defendants' reasons and process in denying Plaintiff's claims, and look at the documentation requested by Defendants and provided by Plaintiff. "Where the meaning of a term in the Plan is not subject to dispute, the bare fact that the Plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision." *Blue Cross*, 187 F.3d at 1051.

In *Marin Gen. Hosp.*, the defendants argued that because the claims brought by the Hospital related to the patient's ERISA plan, they were within the scope of § 502(a)(1)(B). 581 F.3d at 948. The Ninth Circuit, however, clarified that the question of whether a claim "relates to" an ERISA plan is not the test for complete preemption under § 502(a)(1)(B). *Id.* at 949. Rather, it is the test for conflict preemption under § 514(a), which does not provide a basis for federal question jurisdiction. *Id. See also Met. Life Ins. Co.*, 481 U.S. 58, 64 (1987) ("ERISA preemption [under § 514], without more, does not convert a state claim into an action arising under federal law."); *Lone Star OB/GYN Associates v. Aetna Health Inc.*, 579 F.3d 525, 530 (5th Cir. 2009) (finding that in calculating the correct contractual rate, the amounts of the Plan Member's Copayment/Coinsurance/Deductible were set out in the ERISA plan, the mere consultation of an ERISA plan is not enough to bring the claims within the scope of § 502(a)").

### 2. Independent Legal Duty Implicated

The *Davila* test requires no other independent legal duty be implicated by Defendants' actions. 542 U.S. at 201. *Davila* holds that if a legal duty imposed

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | Port Medical Wellness Inc. v. Connecticut General Life Insurance Co. *et al*. | | |

independent of ERISA or the terms of an ERISA-governed plan is implicated, then the state law claims are not completely preempted by ERISA § 502(a). 542 U.S. at 212-14. The Courts have emphasized a distinction between claims involving the "right to payment" which implicate coverage and benefits under the terms of an ERISA plan, and "amount of payment" claims involving the computation of contract payments or the correct execution of such payments. *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 331 (2d Cir. 2011). *See also Lone Star*, 579 F.3d at 531 ("[W]e adopt the reasoning of the Third and Ninth Circuits, and that of a majority of district courts in this Circuit which have relied on this distinction between "rate of payment" and "right of payment."). The former are considered claims for benefits that can be brought under ERISA § 502(a)(1)(B); the latter are "typically construed as independent contractual obligations between the provider and the PPO or the benefit plan." *Montefiore Med. Ctr.*, 642 F.3d at 331. *See also Blue Cross*, 187 F.3d at 1051 ("The dispute here is not over the *right* to payment, which might be said to depend on the patients' assignments to the Providers, but the *amount,* or level, of payment, which depends on the terms of the provider agreements."); *Pascack*, 388 F.3d at 403–04 (holding that the dispute was over the amount of payment, not the right to payment, and thus depended on the terms of the provider agreement). Plaintiff claims that, independent from any duty or liability imposed by ERISA, Defendants have a duty to reimburse Port Medical Wellness at the level of payment described in the PPA. (Dkt. No. 12 at 10.)

As already mentioned in the analysis of prong one, Plaintiff is not asserting claims requiring "judicial review of the Plan terms only," as Defendants stated in their Notice of Removal. (Dkt. No. 1 ¶ 12.) Plaintiff's claims require judicial review of the terms of the PPA, past dealings between the parties, the circumstances surrounding Defendants' billing investigation and Defendants' denials and delaying of payment of services allegedly covered per the terms of the PPA. (FAC ¶¶ 4-6.) As in *Pascack*, though Plaintiff's claims "are derived from an ERISA plan, and exist 'only because' of that plan," the crux of the dispute arises from an independent agreement that governs payment for "Covered Services." 388 F.3d at 402. Were coverage and eligibility disputed, interpretation of the Plan might form an "essential part" of Plaintiff's claims. *Id.* Instead, the resolution of this lawsuit requires interpretation of the PPA, not the Plan, and Plaintiff's right to recovery depends entirely on the operation of a third-party contract that is independent of the Plan itself. *Id.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV-13-03604 BRO (PLAx) | Date | September 18, 2013 |
|---|---|---|---|
| Title | **Port Medical Wellness Inc. v. Connecticut General Life Insurance Co.** *et al.* | | |

The two-prongs of the *Davila* test must both be satisfied for a state law cause of action to be completely preempted by § 502(a)(1)(B). *Marin Gen. Hosp.*, 581 F.3d at 947. In the case before the Court, Defendants fail to satisfy either prong. First, Plaintiff could not have brought its state-law claims under § 502(a)(1)(B) of ERISA. Second, Plaintiff seeks to remedy violations of legal duties that are independent of ERISA. Defendants have failed to meet their burden to show by a preponderance of the evidence that Plaintiff's claims fall within ERISA's civil enforcement provision. Plaintiff's state-law claims are therefore not completely preempted by § 502(a)(1)(B).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), and the action is **REMANDED** to The Superior Court of California, Los Angeles County.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |